IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eula Brown as the Personal Representative of the Estate of Anthony Walker, | Civil Action No: __3:15-4421-MGL__ |
| Plaintiff(s), | **COMPLAINT**<br>**(Jury Trial Requested)** |
| vs. | |
| The City of Columbia, City of Columbia Police Department, Randy Scott individually and in his official capacity as Chief of Police of the Columbia Police Department and W.H. Holbrook individually and in his official capacity as Chief of Police of the Columbia Police Department, | |
| Defendant(s). | |

The Plaintiff, by and through her undersigned counsel, for a Complaint against the Defendants, does hereby respectfully allege as follows:

## PARTIES

**Plaintiffs**

1.   The Plaintiff, Eula Brown (hereinafter "Brown") is a citizen and resident of Richland County and the State of South Carolina. She is also the duly appointed personal representative of the Estate of Anthony Walker, deceased.

**Defendants**

2. The Defendants Randy Scott (hereinafter "Scott") and W.H. Holbrook (hereinafter "Holbrook") were or are the past and/or current Chief(s) Police for the City of Columbia Police Department.

3. These Defendants, Scott and Holbrook, are sued individually as the Chief(s) of Police of the Columbia Police Department and at all relevant times was/were acting under color of law and in the course and scope of their duties as an employee, agent, officer and/or Chief of Police of City of Columbia Police Department.  They are believed to be citizens and residents of the State of South Carolina.

4. The Defendants the City of Columbia and the City of Columbia Police Department are political subdivisions of the State of South Carolina and are considered to be individuals for the purposes of this Complaint.

5. These Defendants had the responsibility for making and/or implementing policies, procedures, customs and practices used by law enforcement officers employed by the City of Columbia Police Department and the City of Columbia regarding arrests and the use of force.

6. These Defendants had responsibility for the management, training and operation of the City of Columbia Police Department and its police officers, as well as Michael Bailey.

7. All officers/Defendants were acting within the course and scope of their official duties as employees with their respective employers in relation to this claim and at all times were acting under color of law.

8. Columbia Police Department Officer Michael Bailey was at all relevant times acting under color of state law and within the course and scope of his duties as an officer for the City of Columbia Police Department, the City of Columbia and/or its Chief of Police.

9. All Defendants are sued in their individual capacities for compensatory and punitive damages under Federal law.

10. Upon information and belief, these "employing" Defendants had the right and/or power to direct and control the manner in which its employees and/or agents, of which Michael Bailey was a member, executed their duties.

11. The liability forming conduct of all Defendants includes their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, apparent authority, agency, ostensible agency and/or respondeat superior and the acts and/or omissions of the above-named Defendants were the direct and proximate cause of the injuries, damages and losses of the Plaintiff and Plaintiff's Decedent.

12. Michael Bailey is already sued under Federal law and Federal Causes of action and under one or more state law causes of action.

## JURISDICTION

13. The events which give rise to this litigation occurred in or near Richland County, South Carolina.

14. Plaintiff further invokes this Court's jurisdiction to hear claims arising under the Fourth and Fourteenth Amendments of the United States Constitution and brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the Defendants.

## GENERAL FACTUAL ALLEGATIONS

15. On or about November 2, 2012, Michael Bailey (hereinafter "Bailey"), an officer with the Columbia Police Department/employing Defendants, was called out to the address of 1810 Allen Benedict Court in the City of Columbia, South Carolina for a domestic dispute call.

16. Upon arrival he was told that the disturbance was 'upstairs' and that the dispute was between Lasundra Keitt and Anthony Walker.

17. Lasundra and Anthony, while not married, have a small child together.

18. Upon opening the door to the bedroom upstairs Officer Bailey saw Lasundra and Anthony fighting on the bed.

19. Neither Lasundra nor Michael had any weapons, but were simply having a fight.

20. Officer Bailey then told Anthony to get off her (Lasundra).

21. Immediately after being ordered to get off her, Anthony got off Lasundra and walked away from the bed, exactly as he was instructed.

22. Anthony made no aggressive movements, had no weapons and did nothing but comply with the Officer Bailey's commands.

23. At this point the fight between Anthony and Lasundra was over, there were no weapons anywhere, no one was threatening anyone, no one was disobeying commands from a law enforcement officer and all threats of injury, or otherwise, had completely ended and the situation was stabilized and resolved.

24. Then for no apparent reason Officer Bailey took out his weapon and struck Anthony in the head.

25. This unjustified and unlawful use of force being applied to Anthony's head caused him to suffer catastrophic injury to his person.

26. This injury to his head caused him to be rendered a complete quadriplegic.

27. The unlawful use of force, lethal and/or otherwise, to Anthony's head caused him to suffer an hypoxic brain injury resulting in his death on November 28, 2012.

28. After the incident Officer Bailey gave one or more statements to SLED, the State Law Enforcement Agency.

29. SLED was the investigating authority for this officer involved shooting.

30. In one or more of these statements to SLED, Officer Bailey stated that he struck Anthony Walker in the head with his gun.

31. An officer's use of his gun in this manner, and under these circumstances, is a violation of generally accepted police practices and is improper.

32. Officer Bailey also indicated that in order to "get a stronger grip" on the gun, he placed his finger inside the trigger guard.

33. An officer's use of his gun in this manner, and under these circumstances, is a violation of generally accepted police practices and is improper.

34. These statements by Michael Bailey were made on or about November 5, 2012, shortly after the incident on November 2, 2012.

35. Upon information and belief, the City, the Chief(s), the Columbia Police Department and other policy making authorities for these Defendants were aware of the statements by Michael Bailey indicating the manner in which he used and handled his weapon.

36. Upon information and belief, these Defendants made statements that Officer Bailey's actions complied with City of Columbia Police Department policies and that he acted 'appropriately'.

37. Statements such as these indicate that Officer Bailey conducted himself according to his training from these Defendants.

38. Training such as this is a violation of generally accepted police practices for the training of police officers.

39. Furthermore, upon information and belief, Officer Bailey was never punished or in any way reprimanded for these improper police actions.

40. Upon information and belief these Defendants had a policy to not punish or reprimand officers when they acted improperly in course of using force and/or making an arrest.

41. This policy fostered an environment that not only allowed but actually encouraged officers to act contrary to generally accepted police practices and was a moving force in the actions the resulting the violation of Anthony Walker's civil rights.

42. After the incident, Officer Michael Bailey refused to give a statement to SLED who was there on scene that night (SLED).

43. Officer Bailey instead chose to meet with legal counsel and then provided a prepared and typewritten statement to SLED as his version of the events.

44. Despite having every opportunity to 'get his story straight', Officer Bailey still gave a statement that strongly conflicted with the forensic evidence from the investigation.

45. Additionally, Officer Bailey sent a number of text messages to Lasundra Keitt, the girlfriend of Anthony Walker, wherein he discussed the events of the shooting.

46. The statements Officer Bailey made in the text messages conflicts with the typed statement he gave to SLED, yet the text message statements are consistent with the forensic evidence in this matter.

47. These Defendants were, and are, well aware that Officer Bailey lied about the incident to SLED, yet they have done nothing by way of corrective action.

48. These Defendants have a history of allowing and encouraging officers to lie about incidents where force is used to avoid liability and/or responsibly for the injuries their officers have caused.

49. These action, or rather inactions or deliberate indifference to these improper actions, fostered an environment that not only allowed but actually encouraged officers to act contrary to generally accepted police practices and was a moving force in the actions that resulted in the violation of Anthony Walker's civil rights.

50. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of South Carolina.

51. All Defendants' conduct herein, was contrary to generally accepted, reasonable law enforcement procedures, supervision, training and tactics and caused the damages to the Plaintiff and Plaintiff's decedent as laid out in this Complaint.

52. That acts and/or omissions, cited above, by all Defendants, were the direct and proximate cause of the injuries, damages and losses of the Plaintiff and Plaintiff's decedent, including, but not limited to medical costs/care, pain and suffering, shock, and anxiety as well as death, loss of support and other damages, both economic and non-economic, as may be learned during the discovery of this case.

53. The acts and/or omissions of the Defendants violated the following clearly established and well settled Federal and Constitutional rights of Plaintiff and Plaintiff's Decedent.

54. All acts and ommissions, outlined above, by any and all Defendants were the direct and proximate cause of the harms and losses of the Plaintiff and Plaintiff's decedent.

## FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 Deliberate Indifference)

55. The Plaintiff incorporates by reference all previous allegations in the paragraphs above as if repeated herein.

56. The unconstitutional actions and/or omissions of Officer Michael Bailey as well as other officers employed by or acting on behalf of these Defendants, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the employing Defendants and/or policy-making Defendants, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by employing and/or policy-making Defendants:

   a. To teach or tolerate the improper handling, investigation and arrest/seizure of a citizen;

   b. To teach or tolerate the improper handling/use of an officer's weapon during the course of an arrest and/or seizure;

   c. To teach or tolerate the improper using of an officer's weapon as a blunt force weapon to the head during the course of an arrest and/or seizure;

   d. To create unnecessary danger and risk of serious harm or death, with deliberate indifference, to citizens of this State;

   e. To cover-up violations of constitutional rights by failing to properly investigate and/or evaluate improper and illegal officer arrests and/or uses of force and by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity,

   f. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police personnel, whereby an officer or member of these Defendants does not provide adverse information against a fellow officer;

   g. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct; and,

   h. As may otherwise be learned during discovery in this case.

57.     The employing and policy-making Defendants failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline their respective officers with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

58.     The unconstitutional actions and/or omissions of Michael Bailey and other officers employed by these Defendants, as described above, were approved, tolerated and/or ratified by the employing and/or policy-making Defendants.

59.     The details of this incident have since been revealed to the authorized policy-maker Defendants, and that such policy-makers have direct knowledge of the improper actions. Notwithstanding this knowledge, the authorized policy-making Defendants and employing Defendants have simply ignored these improper actions, have approved of Michael Bailey's and other officers' actions, and have made a deliberate choice to endorse this improper and unconstitutional conduct.  By so doing, the authorized policy-makers and employers have shown affirmative agreement with the individual officer(s)'(s) actions, and have ratified the unconstitutional acts of the individual officer(s).

60.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth herein.

61.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for

whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

62.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants, Plaintiff and Plaintiff's Decedent sustained serious harms and losses, including but not limited to medical bills, pain and suffering, disfigurement, loss of enjoyment of life, financial support and loss of life, and is entitled to damages, penalties, costs and attorney fees as set forth, above, including punitive damages against Defendants.

### FOR A FOURTH CAUSE OF ACTION
### (Wrongful Death)

63.     The Plaintiff incorporates by reference all previous paragraphs above as if repeated herein.

64.     As a direct and proximate result of the acts and/or omissions of one or more of the Defendants outlined above, the decedent died at the hands of the Defendant(s).

65.     As a result of which the Plaintiff's Decedent's statutory beneficiaries have lost the aid, comfort, support, society and companionship of the decedent, and have suffered severe and extreme emotional distress, anxiety, grief and sorrow, for which the Plaintiff is entitled to recover on behalf of the statutory beneficiaries, actual damages pursuant to § 15-51-10, et. seq., Code of Laws of South Carolina (1976, as amended) in an amount to be determined by a jury at the trial of this action.

### FOR A FIFTH CAUSE OF ACTION
### (Survivorship Action)

66.     The Plaintiff incorporates by reference all previous paragraphs above as if repeated herein.

67.     As a direct and proximate result of the acts and/or omissions of the Defendant(s) outlined above, the decedent was injured and then died at the hands of the Defendant(s).

68.     The Plaintiff's Decedent's estate, as a direct and proximate result of the unconstitutional actions of the Defendants, as outlined above, has incurred expenses in the form of medical bills and funeral and burial expenses. The Plaintiff is further informed and does believe that as a direct and proximate result of the acts and omissions of the Defendants the Plaintiff's Decedent suffered fear, physical pain, and suffering, mental and emotional distress and anguish in the time before his death as well as medical bills and funeral expenses after his death, for which the Plaintiff's Decedent's estate is entitled to an award of actual and punitive damages pursuant to § 15-5-90, Code of Laws of South Carolina (1976) in an amount to be determined by a jury at the trial of this action.

WHEREFORE, Plaintiff, respectfully prays for judgment against all Defendants for all actual damages, consequential damages and punitive damages in an amount to be determined by a jury at the trial of this action as well as attorney's fees and costs pursuant to 42 U.S.C. § 1983 and 1988 and for such other and further relief as this Court deems just and proper.

**MCGOWAN, HOOD, & FELDER, LLC**

_s/ Robert V. Phillips_____
Robert V. Phillips, Esq.
1539 Health Care Drive
Rock Hill, South Carolina 29732
Federal Bar ID: 07653
(803) 327-7800 - Office
(803) 328-5656 - Facsimile
rphillips@mcgowanhood.com

Rock Hill, South Carolina
October 30, 2015